# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JASON M. PARKER,
    **Plaintiff,**

  **v.**              **Case No. 17-C-955**

C.O. SAMANTHA TIETZ.,
    **Defendants.**

## <u>ORDER</u>

Plaintiff Jason M. Parker, who was formerly confined at the Kenosha County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint. Docket Nos. 2 & 1. It also addresses his motion to appoint counsel. Docket No. 7.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On July 13, 2017, U.S. Magistrate Judge William E. Duffin (the judge assigned to the case at that time) ordered plaintiff to pay an initial partial filing fee of $36.45. Plaintiff paid that fee on July 26, 2017. As such, I will grant his motion to proceed without prepayment of the full filing fee. Plaintiff must pay the remainder of the filing fee.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 28, 2017, defendant C.O. Samantha Tietz was the dorm officer on plaintiff's cell block. He had become frustrated because he was writing repeated request slips and grievances and not getting any responses. He wrote two more grievances and filled out a "My Question to Supervision is" form, inquiring whether inamtes could speak to supervision upon request. Plaintiff gave the forms to Tietz and asked her to sign the back of them. Tietz refused and set them on his door. She said she would sign them when she got back to her desk. Plaintiff laid back down and sometime later, Tietz returned and "snatched" the papers out of the door. Plaintiff headed toward the door and asked her to sign the back. Tietz hurried off without signing them.

Tietz returned later, saying, "No! You can't speak to the supervisor! Not now not ever," and "Nobody gives a fuck about your request or your grievances, I'm just telling you now. Do you understand me?" Plaintiff asked, "Did you turn in my grievances?" Tietz responded, "Like I told you! Don't nobody give a fuck about your grievances." Plaintiff responded that it did not really matter what Tietz said about his grievances since she was not supervision, as long as she turned them. He held up his copies and said, "I got my copies." Tietz then became angry and asked, "Are you threatening me?" Plaintiff never received responses about those grievances. Docket No. 1 at 2-3. He seeks monetary damages. *Id.* at 4.

*Analysis*

Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. *Bounds v. Smith*, 430 U.S.

3

817, 825 (1977). An inmate's right to file a grievance is part of his right of access to the courts. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To succeed on a claim of denial of access to the courts, a plaintiff must show that any alleged interference caused actual injury and hindered efforts to pursue a legal claim respecting a basic constitutional right. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court." *Id.* at 353 n.4. Failure to identify some detriment that is linked to an adverse decision in, or inability to litigate, a case "is fatal . . . under any standard of sufficiency." *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990). Plaintiff has identified no injury related to Tietz's failure to properly handle his grievances. Indeed, the fact of this lawsuit (and the numerous others currently pending in this District) belies any notion that plaintiff has been denied access to the courts.

Furthermore, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (internal citation omitted). Therefore, to the extent plaintiff is trying to raise a claim based only on Tietz's actions (rather than their effects on his ability to litigate a claim or claims), that claim is not viable. In sum, plaintiff has not provided an arguable basis for relief, having failed to make any rational argument in law or fact to support his claims.  *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

Because the presence of counsel would have no impact on the court's analysis, I will deny plaintiff's motion to appoint counsel. Docket No. 10.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff pay the $313.55 balance of the $350.00 filing fee as he is able. All checks should be mailed to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The payments shall be clearly identified by the case name and number assigned to this action.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge